**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

      *Plaintiff,*

v.

HERCULES INCORPORATED,

      *Defendant.*

Civ. No. 2:07cv87

## CONSENT DECREE

## BACKGROUND

A.     The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the United States Department of Justice and at the request of the Secretary of the Navy and the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Allegany Ballistics Laboratory Site in Mineral County, West Virginia ("the Site").

B.     The defendant that has entered into this Consent Decree, Hercules Incorporated, ("Settling Defendant") does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint. The United States does not admit any liability arising out of the transactions or occurrences that might have been alleged in any counterclaim asserted by Settling Defendant.

1

C.     In 2001, the United States entered into a novation agreement with Hercules Incorporated and Alliant Techsystems, Inc., terminating or transferring certain of Hercules' rights relating to the contracts and the Site.

D.     The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## I.     JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391.  Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## II.     PARTIES BOUND

2.     This Consent Decree is binding upon the United States, and upon Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

### III.   **DEFINITIONS**

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601-75.

b.    "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

c.    "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.    "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f.    "Federal Contract" shall mean any contract or agreement, including, but not limited to, contract vehicles to facilitate Foreign Military Sales, firm fixed price contracts, and cost plus contracts, with a department, agency, or instrumentality of the United States.

g.    "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507,

compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

       h.    "Navy" shall mean the United States Department of the Navy.

       i.    "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

       j.    "Parties" shall mean the United States and the Settling Defendant.

       k.    "Plaintiff" shall mean the United States.

       l.    "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901-92k, (also known as the Resource Conservation and Recovery Act).

       m.    "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

       n.    "Settling Defendant" shall mean Hercules Incorporated.

       o.    "Site" shall mean the Allegany Ballistics Laboratory Site, encompassing approximately 1,572 acres, located in Mineral County, West Virginia, and generally shown on the map included in Appendix "A."

       p.    "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

### IV.    PAYMENT OF SETTLEMENT AMOUNT

    4.    Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the United States $12,950,000. Settling Defendant shall not allow, authorize, or induce any other person to make said payment on its behalf, nor shall it accept from any person cash or in-kind reimbursement, contribution or indemnification of said payment.

5.    Payment by Settling Defendant shall be made by one or more FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing USAO File Number 2007V00081, the EPA Region and Site Spill ID Number 03BF, and DOJ Case Number 90-11-3-07827. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of West Virginia following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

6.    At the time of payment, Settling Defendant shall send notice that payment has been made to EPA, the Navy and DOJ in accordance with Section XI (Notices and Submissions).

7.    Of the amount to be paid pursuant to Paragraph 4, the United States shall deposit $277,000 in the Allegany Ballistics Laboratory Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## V.    FAILURE TO COMPLY WITH CONSENT DECREE

8.    Interest on Late Payments. If any Settling Defendant fails to make payment under Paragraph 4 by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

9.    Stipulated Penalty.

a.    If any amounts due under Paragraph 4 are not paid by the required due date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated

penalty, in addition to the Interest required by Paragraph 8, $1,000 per day for each day that such payment is late.

        b.     Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. All payments under this Paragraph shall be identified as "stipulated penalties" and shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of West Virginia following lodging of the Consent Decree. The payment shall reference the Site name, the EPA Region and Site Spill ID Number 03BF, and DOJ Case Number 90-11-3-07827.

        c.     At the time of each payment, Settling Defendant shall send notice that payment has been made to the Navy, EPA and DOJ in accordance with Section XI (Notices and Submissions).

        d.     Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

        10.     If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

        11.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section IV or from performance of any other requirements of this Consent Decree.

## VI.    COVENANT NOT TO SUE BY UNITED STATES

13. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section VII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site. With respect to present and future liability, this covenant not to sue shall not take effect until receipt by the United States of all payments required by Section IV (Payment of Response Costs) and any amount due under Section V (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon satisfactory performance by Settling Defendant of its obligations under Sections IV and V of this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VII.    RESERVATION OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by United States in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

7

a.      liability for failure of Settling Defendant to meet a requirement of this

Consent Decree;

b.      criminal liability;

c.      liability for damages for injury to, destruction of, or loss of natural

resources, and for the costs of any natural resource damage assessments;

d.      liability arising from the past, present, or future disposal, release or threat

of release of a hazardous substance, pollutant, or contaminant outside of the Site; and

e.      liability based upon the Settling Defendant's ownership or operation of the

Site, or upon the Settling Defendant's transportation, treatment, storage, or disposal, or the

arrangement for the transportation, treatment, storage, or disposal of any hazardous substance at

or in connection with the Site after signature of this Consent Decree by the Settling Defendant.

## VIII.   COVENANT NOT TO SUE BY SETTLING DEFENDANT

15.     Settling Defendant, on behalf of itself, its subsidiaries, officers, directors, agents,

employees, successors, insurers, and subcontractors, releases, covenants not to sue and agrees

not to assert any claims or causes of action in any judicial, administrative or legislative forum

against the United States or its contractors or employees, with respect to the Site or this Consent

Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the Hazardous

Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C.

§§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of response actions at or in connection with the Site,

including any claim under the United States Constitution, the West Virginia Constitution, the

Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, the Contracts Disputes Act of 1978, 41 U.S.C. §§ 601-613, or at common law;

        c.       any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site; or

        d.       any and all claims against the United States arising under Federal Contracts between the United States and Settling Defendant, that might otherwise be available to Hercules, in connection with any and all "matters addressed" in this Consent Decree, as defined in Paragraph 23, including, but not limited to equitable adjustment, expenses, attorney fees, compensatory damages, and exemplary damages.

16.      Settling Defendant certifies that no other action, suit or claim with respect to "matters addressed" in this Consent Decree, as defined in Paragraph 23, is pending against the United States in any other forum.

17.      Except as provided in Paragraph 19 (Covenant Not to Bring Contribution Claims) and Paragraph 25 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event:

- a state brings a cause of action for injury to, destruction of, or loss of natural resources, or

- the United States brings a cause of action or issues an order pursuant to the reservations set forth in ParagraphVII.14.c-d,

but only to the extent that Settling Defendant's claims arise from the same response action, response costs, or damages that a state is seeking, or the United States is seeking pursuant to the applicable reservation.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

19. <u>Covenant Not to Bring Contribution Claims.</u>

a. Settling Defendant agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any other person.

b. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant.

20. <u>Covenant with Respect to Government Contracts.</u>

a. The United States and Settling Defendant hereby agree that all direct or indirect costs or expenses incurred by the Settling Defendant in connection with the "matters addressed" in this Consent Decree, as defined in Paragraph 23, including the payment specified in Paragraph 4 and all related costs and expenses, including costs covered by 48 C.F.R. § 31.205-47, are expressly unallowable costs pursuant to 48 C.F.R. §§ 31.201, 42.709-1, 52.242-3, and related provisions for the purposes of Federal Contracts. Accordingly, Settling Defendant, on behalf of itself, its subsidiaries, officers, directors, agents, employees, subcontractors and/or successors in interest, shall not seek or claim these costs as an allowable direct or indirect cost in any Federal Contract in which it is a party.

b. Settling Defendant hereby certifies that it has not sought reimbursement of any of these costs in any completed or pending Federal Contract.

21.    <u>Covenant Not to Accept Reimbursement of Costs.</u>  Settling Defendant shall not accept from any person cash or in-kind reimbursement, contribution or indemnification for any or all or its direct or indirect costs and/or expenses incurred in connection with the "matters addressed" in this Consent Decree, as defined in Paragraph 23.

### IX.    **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

22.    Except as provided in Paragraph 19, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 19, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

23.    The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that the United States asserts rights against Settling Defendant coming within the scope of such reservations.

24.    Settling Defendant agrees that, with respect to any countersuit or claim for contribution brought by it for matters related to this Consent Decree and permitted under Paragraph 19(b) of this Decree, it will notify EPA, the Navy, and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim brought against it for matters related to this Consent Decree, it will notify EPA, the Navy and DOJ in writing within 10 days of service of the Complaint or claim upon it. In addition, Settling Defendant shall notify EPA, the Navy and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

25.    In any subsequent administrative or judicial proceeding arising out of rights the United States has reserved in Paragraph 14 of this Consent Decree, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by the United States set forth in Section VI.

## X.    RECORDS RETENTION

26.    Until 10 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that Hercules collected in anticipation of litigation regarding the Site, regardless of any corporate retention policy to the contrary.

27.    The United States acknowledges that it is subject to all applicable federal record retention laws, regulations and policies.

28. Settling Defendant and the Navy hereby certify to each other that, to the best of their knowledge and belief, after a reasonable inquiry, they have not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to their potential liability regarding the Site since the Navy notified Hercules of its potential liability.

## XI.    NOTICES AND SUBMISSIONS

29. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Navy, EPA, DOJ, and Settling Defendant, respectively.

As to the Navy:

Perry H. Sobel, Esq.
Senior Trial Attorney
Navy OGC Litigation Office
720 Kennon Street, SE
Bldg. 36, Rm. 233
Washington Navy Yard, DC  20374-5013

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-07827)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Suzanne M. Parent
Senior Assistant Regional Counsel
U.S. EPA Region 3

1650 Arch Street
Mail Code 3RC44
Philadelphia, PA 19103

<u>As to Settling Defendant:</u>

Richmond L. Williams, Esq.
Hercules Incorporated
Hercules Plaza
Wilmington, Delaware 19894-0001

Peter L. Gray
McKenna, Long & Aldridge, LLP
1900 K Street, NW
Washington, D.C. 20006-1108

## XII.   RETENTION OF JURISDICTION

30.    This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XIII.   INTEGRATION/APPENDICES

31.    This Consent Decree and its appendices constitute the final, complete and

exclusive agreement and understanding among the Parties with respect to the settlement

embodied in this Consent Decree. The Parties acknowledge that there are no representations,

agreements or understandings relating to the settlement other than those expressly contained in

this Consent Decree. Appendix A, a map of the Site, is attached to and incorporated into this

Consent Decree.

## XIV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.    This Consent Decree shall be lodged with the Court for a period of not less than

30 days for public notice and comment. The United States reserves the right to withdraw or

withhold its consent if the comments regarding the Consent Decree disclose facts or

considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

33.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV.    SIGNATORIES/SERVICE

34.    Each undersigned representative of Settling Defendant and the Associate Attorney General for the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35.    Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

36.    Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVI. FINAL JUDGMENT

37.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute the final judgment between and among the United States and the Settling

Defendant. The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _20th_ DAY OF _December_, 200_7_.

_Robert E Wahwel_
_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Hercules Incorporated, relating to the Allegany Ballistics Laboratory Site.

FOR THE UNITED STATES OF AMERICA

RONALD J. TENPAS
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

26 October 2007
Date

DEBORAH A. GITIN
DANIEL S. SMITH
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
301 Howard Street
Suite 1050
San Francisco, CA 94105
Phone: (415)744-6488
Fax : (415) 755-6476
E-mail: deborah.gitin@usdoj.gov

SHARON L. POTTER
United States Attorney

by: _____
WV Bar No. 7864
     Assistant United States Attorney
P. O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112
E-mail: rita.valdrini@usdoj.gov

_____

DONALD SCHREGARDUS
Deputy Assistant Secretary of the Navy
(Environment)
U.S. Department of the Navy
1000 Navy Pentagon
Washington, DC 20350-1000
Phone: (703) 614-5080

_____

PERRY H. SOBEL
Senior Trial Attorney
Office of the General Counsel Litigation Office
U.S. Department of the Navy
Bldg. 36, Room 233
720 Kennon Street SE
Washington Navy Yard, DC 20374-5013
Phone: (202) 685-6997
Fax : (202) 685-7036
E-mail: perry.sobel@navy.mil

DONALD S. WELSH
Regional Administrator
U.S. Environmental Protection Agency
Region 3
1650 Arch Street
Philadelphia, PA  19103


WILLIAM C. EARLY
Regional Counsel
U.S. EPA, Region 3
1650 Arch Street
Philadelphia, PA  19103


SUZANNE M. PARENT
Assistant Regional Counsel
U.S. EPA Region 3
Office of Regional Counsel, 3RC44
1650 Arch Street
Philadelphia, PA 19103-2029
Phone: (215) 814-2630
Fax : (215) 814-2603
E-mail : parent.suzanne@epa.gov

FOR HERCULES INCORPORATED:

_10/25/07_
Date

Craig A. Rogerson, President and CEO
Hercules Incorporated
Hercules Plaza
Wilmington, Delaware 19894-0001

Agent Authorized to Accept Service on Behalf of Hercules Incorporated:

Name:       Richmond L. Williams

Title:        Chief Counsel, SHERA

Address:    Hercules Incorporated

            1313 N. Market Street

            Wilmington, DE 19894

Telephone: 302-594-7020

Appendix A



LEGEND
- Installation Restoration Sites
- Railroads
- River/Streams
- Roads
- Plant 1
- Plant 2
- Plant 1 - Undeveloped Area
- Elevation Contours (20ft interval)

Site Locations
Allegany Ballistics Laboratory
Mineral County, West Virginia

0    1500    3000 Feet